UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FAITH BAZEMORE DOBRUCK,

      Plaintiff,

v.                      Case No. 8:16-cv-1869-T-33JSS

GARY S. BORDERS, Lake County
Sheriff, et al.,

      Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of five Motions to Dismiss by Defendants Grady Judd and Michael Music (Doc. # 24), filed on August 9, 2016; Gary S. Borders and Donald Heath, Jr. (Doc. # 25), filed on August 17, 2016; the City of Auburndale and Wall (Doc. # 28), filed on August 19, 2016; the Town of Lady Lake (Doc. # 38), filed on August 24, 2016; and Rita Ranize (Doc. # 39), also filed on August 24, 2016. Plaintiff Faith Bazemore Dobruck filed responses in opposition (Doc. ## 30, 47, 48, 51, 52). For the reasons that follow, the Motions are denied.

I. **Background**

In 2010, Dobruck's husband filed a lawsuit against the County of Lake, alleging embezzlement, money laundering, bid

rigging, and housing fraud, which was styled <u>United States of America & Walter Dobruck v. Lake County</u>, No. 5:10-cv-79-OC-32GRJ. (Doc. # 1 at ¶ 15). Thereafter, but fewer than four years from the date this action was filed, Dobruck "discovered that she and at least four other family members were being stalked and otherwise harassed by law enforcement officers in Central Florida." (<u>Id.</u> at ¶ 16). Dobruck then realized that her and her family members' unlisted telephone numbers and addresses could be accessed by law enforcement through the Driver and Vehicle Information Database (DAVID). (<u>Id.</u>).

DAVID is a system whereby the Department of Highway Safety and Motor Vehicles (DHSMV) and the Florida Department of Law Enforcement make certain information available to law enforcement. (<u>Id.</u> at ¶ 14). In this case, that information included "records pertaining to motor vehicle operators' permits, motor vehicle titles, motor vehicle registration, color photograph or image, Social Security number, date of birth, state of birth, detailed vehicle registration information and description, prior and current home and mailing addresses, [and] emergency contacts and those contacts['] private and highly-restricted personal information." (<u>Id.</u> at ¶¶ 13-14).

Sometime in 2015, Dobruck contacted the DHSMV to check if anyone was viewing her private information and, if so, whom. (Id. at ¶ 16). In response, DHSMV provided Dobruck run reports showing that the Defendants accessed and obtained her personal information from the DAVID system "without permissible reasons." (Id.). "[I]n accessing Plaintiff's information . . ., the individual Defendants did so – at least in part – with the intent to further their respective employers['] interests in such ways as protecting [them] from public opprobrium, wreaking vengeance on the extended Dobruck family . . ., or increasing the overall morale of the employers' employees." (Id. at ¶ 19). Furthermore, "the individual Defendants were authorized to use their respective employers' premises and computers to access the DAVID system . . ., and the individual Defendants utilized their respective employers' facilities and their employment status during their respective work hours to access Plaintiff's information on DAVID." (Id. at ¶ 18). However, "[n]one of the Defendants' accessing of Plaintiff's personal DAVID information . . . fell within the DPPA's permitted exceptions." (Id. at ¶ 17). Dobruck maintains that "[a]t no time did [she] provide her consent for any of the Defendants to obtain, disclose or use

her private information for anything but legitimate law enforcement business." (Id. at ¶ 20).

Dobruck then brought suit against Borders, Heath (an employee of the Lake County Sheriff's Office), Judd, Music (an employee of the Polk County Sheriff's Office), the City of Auburndale, Wall (an employee of the City of Auburndale), the Town of Lady Lake, and Ranize and Fazekas (employees of the Town of Lady Lake) on June 27, 2016. Heath, Music, Wall, Ranize, and Fazekas are being sued in their individual capacities, whereas Borders and Judd are being sued in their official capacities. The one-count Complaint alleges each Defendant violated the Driver's Privacy Protection Act, 18 U.S.C. § 2721, et seq., and seeks compensatory damages, punitive damages against the individual defendants, and attorney's fees and costs.

Defendants now move the Court to dismiss the Complaint pursuant to Rule 12(b)(6). (Doc. # 24, 25, 28, 38, 39). In the alternative, Borders, Heath, the City of Auburndale, and Wall request that the Court sever them from this action and require Dobruck to file her case against them in the division of the Middle District of Florida where the alleged accesses occurred. (Doc. # 25 at 7; Doc. # 28 at 5-10). Defendant Fazekas has not yet appeared as of the date of this Order,

nor is there an indication in the record that service has been effected. Dobruck has filed her responses and the Motions are ripe.

## II.  Legal Standard

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) (stating "[o]n a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true"). However:

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope

5

of review must be limited to the four corners of the complaint." <u>St. George v. Pinellas Cty.</u>, 285 F.3d 1334, 1337 (11th Cir. 2002).

## III. <u>Analysis</u>

### A. <u>Dobruck has sufficiently stated a claim under the DPPA</u>

"Concerned that personal information collected by States in the licensing of motor vehicle drivers was being released—even sold—with resulting loss of privacy for many persons, Congress provided federal statutory protection. It enacted the Driver's Privacy Protection Act of 1994, referred to here as the DPPA." <u>Maracich v. Spears</u>, 133 S. Ct. 2191, 2195 (2013) (citation omitted). "The DPPA creates a private right of action against persons who knowingly obtain, disclose or use personal information, from a motor vehicle record, for a purpose not permitted under the DPPA. 18 U.S.C. § 2724." <u>McCrae v. Broward Sheriff's Office</u>, No. 15-61927-CIV-ZLOCH/HUNT, 2016 WL 1055093, at *3 (S.D. Fla. Mar. 15, 2016). "In a straightforward fashion, section 2724(a) sets forth three elements giving rise to liability, i.e., that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted." <u>Thomas v. George, Hartz, Lundeen,</u>

6

_Fulmer, Johnstone, King, and Stevens, P.A._, 525 F.3d 1107, 1111 (11th Cir. 2008).

All Defendants argue that Dobruck has failed to state a claim under the DPPA. However, upon review, the Court finds the Complaint sufficiently alleges facts to state a plausible claim to relief. The Complaint alleges Dobruck's information was made available by the DHSMV and the Florida Department of Law Enforcement to the named Defendants through DAVID; that the individual Defendants accessed her information in their course of employment; that the individual Defendants used their employer's facilities and equipment to access DAVID; and that the Defendants did not have a permitted reason to access her information through DAVID. These allegations are sufficient to withstand the present Motions. _See Santarlas v. Minner_, No. 5:15-cv-103-Oc-30PRL, 2015 WL 3852981, at *3-4 (M.D. Fla. June 22, 2015) (denying motion to dismiss in DPPA case where plaintiff alleged individual defendants, acting in the scope of their employment, accessed plaintiff's information through DAVID when they did not have a legitimate law enforcement purpose or other permitted purpose).

The Complaint's failure to allege the specific dates on which Dobruck's information was accessed is not fatal given the other allegations. _See Watts v. City of Port St. Lucie,_

7

Fla., No. 2:15-cv-14192-ROSENBERG/LYNCH, 2016 WL 633716, at *3 (S.D. Fla. Feb. 17, 2016) ("The failure to allege the dates does not, alone, render the claims implausible under Twombly, given the other factual allegations in the First Amended Complaint"). Nor do the lack of dates render Dobruck's Complaint an impermissible "shotgun" pleading, for which it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). The Complaint puts Defendants on notice of the conduct supporting Dobruck's claim: the individual Defendants accessed Dobruck's information, in the scope of their employment, for the impermissible purpose of harassing Dobruck.

Additionally, Judd and Music argue that the Complaint fails to sufficiently allege a vicarious-liability claim against Judd. "[T]he DPPA implicitly recognizes a *respondeat superior* theory of liability . . . . [And,] federal courts nationwide have adopted" the reasoning of Margan v. Niles, 250 F. Supp. 2d 63, 72-75 (N.D.N.Y. 2003). Watts v. City of Hollywood, Fla., 15-61123-CIV-ALTONAGA/O'Sullivan, 2015 WL 7736532, at *9 (S.D. Fla. Nov. 17, 2015) (citation omitted). "An employee's conduct is considered to be within the scope

of employment if it (1) is of the kind he or she is employed to perform, (2) occurs substantially within the authorized time and space limits of the workplace, and (3) is actuated, at least in part, by a purpose to serve the employer." Santarlas v. Minner, No. 5:15-cv-103-Oc-30PRL, 2015 WL 5896243, at *2 (M.D. Fla. Oct. 7, 2015) (citation omitted).

Judd and Music argue that Dobruck has not stated a plausible claim that Music accessed her information to serve the Polk County Sheriff's Office. (Doc. # 24 at 11). The Court disagrees. The Complaint alleges that the individual Defendants accessed Dobruck's information on DAVID "at least in part . . . with the intent to further their respective employers['] interests in such ways as protecting [them] from public opprobrium . . ., or increasing the overall morale of the employers' employees." (Doc. # 1 at ¶ 19). Accordingly, the allegations are sufficient to survive the Motion. See Watts v. City of Hollywood, Fla., No. 15-61123-CIV-ALTONAGA/O'Sullivan, at *4-6 (S.D. Fla. Jan. 11, 2016) (unpublished), available at (Doc. # 61).

Judd and Music further argue that the Complaint fails to allege sufficient facts to support punitive damages. In furtherance of their argument, Judd, Music cite English v. Parker, No. 6:09-cv-1914-Orl-31GJK, 2011 WL 1842890, at *5

(M.D. Fla. May 16, 2011). However, <u>English</u> was decided at the summary judgment stage. In contrast, this case is currently in its preliminary stages and the Complaint need only state a plausible claim to relief, which it has done. While Dobruck may require more evidence in light of <u>English</u> at the summary stage, the Complaint is sufficient for present purposes.

### B. **The statute of limitations is an affirmative defense**

Defendants Town of Lady Lake and Ranize argue that Dobruck's claims against them are time-barred because DAVID run reports they acquired show that these Defendants did not access Dobruck's personal information through the DAVID system in the four years prior to the initiation of this lawsuit. (Doc. # 38 at 5-7; Doc # 39 at 4-8). The Eleventh Circuit has held that the statute of limitations for DPPA claims begins to run at the date of access, rather than the date that access was discovered. <u>Foudy v. Miami-Dade Cty., Fla.</u>, 823 F.3d 590, 593 (11th Cir. 2016). However, <u>Foudy</u> reserved the question of whether equitable tolling may apply to DPPA claims. <u>Id.</u> at 594 n.1 ("Because the record is void of any mention of equitable tolling in the district court, we decline to address the argument."). Thus, it is not clear that dates of access more than four years prior to the filing of this action would be fatal to Dobruck's claim.

Regardless, as discussed in the previous section, allegations of specific dates are not required to state a claim under the DPPA. See Watts, 2016 WL 633716, at *3. Defendants' argument that the four-year statute of limitations has run is an affirmative defense. See id. at *2 ("[A] statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint."). It is not obvious from the face of the Complaint that the statute of limitations has run. See La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.").

In the alternative, Town of Lady Lake and Ranize request that the Court treat their Motions to Dismiss as Motions for More Definite Statement. Under Federal Rule of Civil Procedure 12(e),

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). "The federal system employs notice pleading and therefore, motions for more definite statement

are disfavored." <u>Lucibello v. Gulf Coast Energy, L.L.C.</u>, No. 2:05-cv-274-FTM-33DNF, 2005 WL 5954963, at *3 (M.D. Fla. Sept. 19, 2005)(citing <u>Scarfato v. National Cash Register Corp.</u>, 830 F. Supp. 1441, 1443 (M.D. Fla. 1993)). "The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." <u>Securities and Exchange Commission v. Digital Lightwave, Inc.</u>, 196 F.R.D. 698, 700 (M.D. Fla. 2000).

The Court finds that the Complaint's allegations are not "so vague or ambiguous" that Town of Lady Lake and Ranize could not reasonably frame a responsive pleading. Here, Dobruck's Complaint is intelligible without the dates of access listed as she alleges the three elements of a DPPA claim: Defendants knowingly obtained, disclosed or used her personal information from a motor vehicle record for a purpose not permitted under the DPPA. <u>See</u> <u>Thomas</u>, 525 F.3d at 1111 ("[S]ection 2724(a) sets forth three elements giving rise to liability, i.e., that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted."). On the basis of the Complaint, Defendants are able to deny in good

12

faith that they accessed Dobruck's information in the DAVID system for the impermissible purpose alleged. Defendants may learn the dates on which the alleged impermissible accesses occurred through discovery. See Home Mgmt. Sols., Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *5 (S.D. Fla. Aug. 21, 2007)("[T]he narrowing down of the allegation to certain specific instances is a task to be undertaken through discovery. A motion for a more definite statement is not a substitute for discovery.")(quotation omitted). As the statute of limitations is an affirmative defense and Defendants are able to respond to the Complaint without specific dates of access, the Court will not require Dobruck to re-plead to negate Defendants' affirmative defenses. See Watts, 2016 WL 633716, at *2 ("[A] statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint").

## C. **Joinder is proper**

Defendants Borders and Heath, as well as the City of Auburndale and Wall, argue that they should be severed from the other Defendants, if the claims against them are not dismissed. They argue that Dobruck should refile her Complaint against them in the division of the Middle District

13

of Florida where these Defendants are located and their supposedly impermissible DAVID accesses occurred.

The Court finds that Defendants Borders, Heath, City of Auburndale, and Wall are properly joined in this action. Under Federal Rule of Civil Procedure 20(a), permissive joinder of defendants is appropriate if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In evaluating joinder, courts ask whether a logical relationship exists between the claims, meaning that "the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010)(citing Republic Health Corp. v. Lifemark Hosp. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)).

Dobruck argues that all the allegedly impermissible accesses of her personal information by the Defendants arise out of her husband's whistleblower lawsuit. According to Dobruck, the Defendants were motivated to access Dobruck's

information by a desire to retaliate for the embarrassment caused by Mr. Dobruck's whistleblowing. (Doc. # 1 at ¶ 19). Thus, the different accesses of Dobruck's personal information by the different Defendants bear a logical relationship to one another. Furthermore, Dobruck's claims share a common question of law, as her claims against each Defendant share the same elements. The Court finds that joinder is appropriate in this case and declines to sever Borders, Heath, the City of Auburndale, and Wall from this action.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendants Grady Judd and Michael Music's Motion to Dismiss (Doc. # 24) is **DENIED.**

(2)  Defendants Gary S. Borders and Donald Heath, Jr.'s Motion to Dismiss (Doc. # 25) is **DENIED.**

(3)  Defendants City of Auburndale and Wall's Motion to Dismiss (Doc. # 28) is **DENIED.**

(4)  Defendant Town of Lady Lake's Motion to Dismiss or for a More Definite Statement (Doc. # 38) is **DENIED.**

(5)  Defendant Rita Ranize's Motion to Dismiss or for a More Definite Statement (Doc. # 39) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of September, 2016.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE