```
               UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
                      TAMPA DIVISION
```

FAITH BAZEMORE DOBRUCK,

    Plaintiff,

v.                                  Case No. 8:16-cv-1869-T-33JSS

GARY S. BORDERS, Lake County
Sheriff, et al.,

    Defendants.

_____/

**<u>ORDER</u>**

This matter comes before the Court upon consideration of Defendant Edward Fazekas's Motion to Dimiss or for More Definite Statement (Doc. # 78), filed on November 15, 2016. Plaintiff Faith Bazemore Dobruck filed a response on November 28, 2016. (Doc. # 79). For the reasons that follow, the Motion is denied.

**I.    Background**

In 2010, Dobruck's husband filed a lawsuit against the County of Lake, alleging embezzlement, money laundering, bid rigging, and housing fraud, which was styled <u>United States of America & Walter Dobruck v. Lake County</u>, No. 5:10-cv-79-Oc-32GRJ. (Doc. # 1 at ¶ 15). Thereafter, but fewer than four years from the date this action was filed, Dobruck "discovered

1

that she and at least four other family members were being stalked and otherwise harassed by law enforcement officers in Central Florida." (Id. at ¶ 16). Dobruck then realized that her and her family members' unlisted telephone numbers and addresses could be accessed by law enforcement through the Driver and Vehicle Information Database (DAVID). (Id.).

DAVID is a system whereby the Department of Highway Safety and Motor Vehicles (DHSMV) and the Florida Department of Law Enforcement make certain information available to law enforcement. (Id. at ¶ 14). Here, that information included "records pertaining to motor vehicle operators' permits, motor vehicle titles, motor vehicle registration, color photograph or image, Social Security number, date of birth, state of birth, detailed vehicle registration information and description, prior and current home and mailing addresses, [and] emergency contacts and those contacts['] private and highly-restricted personal information." (Id. at ¶¶ 13-14).

Sometime in 2015, Dobruck contacted the DHSMV to check if anyone was viewing her private information and, if so, whom. (Id. at ¶ 16). In response, DHSMV provided Dobruck run reports showing that the Defendants accessed and obtained her personal information from the DAVID system "without permissible reasons." (Id.). "[I]n accessing Plaintiff's

2

information . . ., the individual Defendants did so – at least in part – with the intent to further their respective employers['] interests in such ways as protecting [them] from public opprobrium, wreaking vengeance on the extended Dobruck family . . ., or increasing the overall morale of the employers' employees." (Id. at ¶ 19). Furthermore, "the individual Defendants were authorized to use their respective employers' premises and computers to access the DAVID system . . ., and the individual Defendants utilized their respective employers' facilities and their employment status during their respective work hours to access Plaintiff's information on DAVID." (Id. at ¶ 18). However, "[n]one of the Defendants' accessing of Plaintiff's personal DAVID information . . . fell within the DPPA's permitted exceptions." (Id. at ¶ 17). Dobruck maintains that "[a]t no time did [she] provide her consent for any of the Defendants to obtain, disclose or use her private information for anything but legitimate law enforcement business." (Id. at ¶ 20).

Dobruck then brought suit against Borders, Heath (an employee of the Lake County Sheriff's Office), Judd, Music (an employee of the Polk County Sheriff's Office), the City of Auburndale, Wall (an employee of the City of Auburndale), the Town of Lady Lake, and Ranize and Fazekas (employees of

3

the Town of Lady Lake) on June 27, 2016. Heath, Music, Wall, Ranize, and Fazekas are being sued in their individual capacities, whereas Borders and Judd are being sued in their official capacities. The one-count Complaint alleges each Defendant violated the Driver's Privacy Protection Act, 18 U.S.C. § 2721, et seq., and seeks compensatory damages, punitive damages against the individual defendants, and attorney's fees and costs.

Before Fazekas appeared, the remaining Defendants moved the Court to dismiss the Complaint pursuant to Rule 12(b)(6), or find that joinder is improper. (Doc. # 24, 25, 28, 38, 39). The Court denied those motions on September 27, 2016. (Doc. # 63).

Fazekas now moves the Court to dismiss the Complaint pursuant to Rule 12(b)(6), find that Dobruck's claim is barred by qualified immunity, and hold that joinder is improper. (Doc. # 78). Alternatively, Fazekas moves for a more definite statement of Dobruck's claim. (Id. at 18). Dobruck filed her response on November 28, 2016. (Doc. # 79). The Motion is ripe for review.

II. **Legal Standard**

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the

light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990)("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true."). However,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Furthermore, "[t]he scope of review must be limited to the four corners of the complaint." St. George v. Pinellas Cty., 285 F.3d 1334, 1337 (11th Cir. 2002).

### III. Analysis

#### A. Dobruck has sufficiently stated a claim under the DPPA

"Concerned that personal information collected by States in the licensing of motor vehicle drivers was being released—even sold—with resulting loss of privacy for many persons, Congress provided federal statutory protection. It enacted the Driver's Privacy Protection Act of 1994, referred to here as the DPPA." Maracich v. Spears, 133 S. Ct. 2191, 2195 (2013) (citation omitted). "The DPPA creates a private right of action against persons who knowingly obtain, disclose or use personal information, from a motor vehicle record, for a purpose not permitted under the DPPA. 18 U.S.C. § 2724." McCrae v. Broward Sheriff's Office, No. 15-61927-CIV-ZLOCH/HUNT, 2016 WL 1055093, at *3 (S.D. Fla. Mar. 15, 2016). "In a straightforward fashion, section 2724(a) sets forth three elements giving rise to liability, i.e., that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted." Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King, & Stevens, P.A., 525 F.3d 1107, 1111 (11th Cir. 2008).

Fazekas argues that Dobruck has failed to state a claim under the DPPA. However, the Court finds the Complaint

6

sufficiently alleges facts to state a plausible claim to relief. The Complaint alleges Dobruck's information was made available by the DHSMV and the Florida Department of Law Enforcement to the named Defendants through DAVID; that the individual Defendants, including Fazekas, accessed her information in their course of employment; that the individual Defendants used their employer's facilities and equipment to access DAVID; and that the Defendants did not have a permitted reason to access her information through DAVID. These allegations are sufficient to withstand the present Motion. See Santarlas v. Minner, No. 5:15-cv-103-Oc-30PRL, 2015 WL 3852981, at *3-4 (M.D. Fla. June 22, 2015)(denying motion to dismiss in DPPA case where plaintiff alleged individual defendants, acting in the scope of their employment, accessed plaintiff's information through DAVID when they did not have a legitimate law enforcement purpose or other permitted purpose).

Regarding the third element, Fazekas argues that, as a former law enforcement officer, he is entitled to a presumption that he accessed Dobruck's information for a permitted purpose, and that Dobruck has failed to allege sufficient facts to overcome that presumption. (Doc. # 78 at 14-15); see also McDonough v. Anoka Cty., 799 F.3d 931, 948

7

(8th Cir. 2015), cert. denied 136 S. Ct. 2388 (2016)(finding that "[w]hatever weight the 'presumption of regularity' might otherwise have at this stage in the litigation, Drivers have sufficiently rebutted it" to survive a motion to dismiss). Fazekas notes that "[w]ithin the Eleventh Circuit, the burden of proof lies with the plaintiff to show that the defendant obtained his personal information 'for a purpose not permitted under the Act.'" Barker v. Bay Cty. Sheriff's Office, No. 5:14-cv-102-RS-GRJ, 2015 WL 300431, at *3 (N.D. Fla. Jan. 22, 2015)(quoting Thomas, 525 F.3d at 1112, and granting summary judgment because plaintiff had neither refuted the defendant's alleged legitimate purpose nor presented evidence to support his theory of an impermissible purpose).

While ultimately proving her DPPA claim will require greater factual support, Dobruck has sufficiently alleged an impermissible purpose for Fazekas's accessing her information in the DAVID system to state a claim. See Santarlas, 2015 WL 3852981, at *3 (denying motion to dismiss where plaintiff alleged that defendants "did not have a legitimate law enforcement purpose or other purpose permitted under the law" and that plaintiff "was not the subject of a law enforcement investigation"); Rollins v. City of Albert Lea, 79 F. Supp.

3d 946, 974 (D. Minn. 2014)("Plaintiff need only plausibly allege that for whatever purpose Defendants obtained or used her information, it was not a permitted purpose under the statute."); <u>Welch v. Theodorides-Bustle</u>, 677 F. Supp. 2d 1283, 1287 (N.D. Fla. 2010)(denying motion to dismiss and stating "it is hard to plead a negative with great specificity; that there was no permissible purpose for the disclosure is about as precise as one could be"). Dobruck alleges that Fazekas and the other individual Defendants accessed Dobruck's information to retaliate for the embarrassment caused by Mr. Dobruck's whistleblowing—an impermissible purpose. (Doc. # 1 at ¶ 19). At this juncture, such allegations are sufficient to establish the third element of Dobruck's DPPA claim.

### B. **The statute of limitations is an affirmative defense**

Fazekas argues that Dobruck's claim against him is time-barred because DAVID run reports show that Fazekas did not access Dobruck's personal information through the DAVID system in the four years prior to the initiation of this lawsuit. (Doc. # 78 at 3). The Eleventh Circuit has held that the statute of limitations for DPPA claims begins to run at the date of access, rather than the date that access was discovered. <u>Foudy v. Miami-Dade Cty., Fla.</u>, 823 F.3d 590, 593

(11th Cir. 2016). However, Foudy reserved the question of whether equitable tolling may apply to DPPA claims. Id. at 594 n.1 ("Because the record is void of any mention of equitable tolling in the district court, we decline to address the argument."). Thus, it is not clear that dates of access more than four years prior to the filing of this action would be fatal to Dobruck's claim.

Regardless, as this Court previously held, "[t]he Complaint's failure to allege the specific dates on which Dobruck's information was accessed is not fatal given the other allegations." (Doc. # 63 at 7); see Watts v. City of Port St. Lucie, Fla., No. 2:15-cv-14192-ROSENBERG/LYNCH, 2016 WL 633716, at *3 (S.D. Fla. Feb. 17, 2016)("The failure to allege the dates does not, alone, render the claims implausible under Twombly, given the other factual allegations in the First Amended Complaint"). Fazekas's argument that the four-year statute of limitations has run is an affirmative defense. See Id. at *2 ("[A] statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint."). It is not obvious from the face of the Complaint that the statute of limitations has run, and dismissal is therefore inappropriate. See La Grasta v. First Union Sec.,

Inc., 358 F.3d 840, 845 (11th Cir. 2004)("[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred.").

In the alternative, Fazekas requests that the Court treat his Motion to Dismiss as a Motion for More Definite Statement. Under Federal Rule of Civil Procedure 12(e),

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Fed. R. Civ. P. 12(e). "The federal system employs notice pleading and therefore, motions for more definite statement are disfavored." Lucibello v. Gulf Coast Energy, L.L.C., No. 2:05-cv-274-FTM-33DNF, 2005 WL 5954963, at *3 (M.D. Fla. Sept. 19, 2005)(citing Scarfato v. Nat'l Cash Register Corp., 830 F. Supp. 1441, 1443 (M.D. Fla. 1993)). "The basis for granting a motion for more definite statement is unintelligibility, not lack of detail; as long as the defendant is able to respond, even if only with simple denial, in good faith, without prejudice, the complaint is deemed sufficient." Sec. & Exch. Comm'n v. Dig. Lightwave, Inc., 196 F.R.D. 698, 700 (M.D. Fla. 2000).

The Court finds that the Complaint's allegations are not "so vague or ambiguous" that Fazekas could not reasonably frame a responsive pleading. Here, Dobruck's Complaint is intelligible without the dates of access listed as she alleges the three elements of a DPPA claim: Fazekas knowingly obtained, disclosed, or used her personal information from a motor vehicle record for a purpose not permitted under the DPPA. See Thomas, 525 F.3d at 1111 ("[S]ection 2724(a) sets forth three elements giving rise to liability, i.e., that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) for a purpose not permitted.").

On the basis of the Complaint, Fazekas is able to deny in good faith that he accessed Dobruck's information in the DAVID system for the impermissible purpose alleged. Fazekas may learn the dates on which the alleged impermissible accesses occurred through discovery. See Home Mgmt. Sols., Inc. v. Prescient, Inc., No. 07-20608-CIV, 2007 WL 2412834, at *5 (S.D. Fla. Aug. 21, 2007)("[T]he narrowing down of the allegation to certain specific instances is a task to be undertaken through discovery. A motion for a more definite statement is not a substitute for discovery.")(quotation omitted).

As the statute of limitations is an affirmative defense and Fazekas is able to respond to the Complaint without specific dates of access, the Court will not require Dobruck to re-plead to negate Fazekas's affirmative defense. See Watts, 2016 WL 633716, at *2 ("[A] statute of limitations bar is an affirmative defense, and a plaintiff is not required to negate an affirmative defense in its complaint").

**C. Qualified immunity does not apply at this stage**

Fazekas next argues that Dobruck's claim against him is barred by qualified immunity. "Qualified immunity offers protection for government officials, acting within their discretionary authority, who are sued in their individual capacities as long as 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Collier v. Dickinson, 477 F.3d 1306, 1308 (11th Cir. 2007)(quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).

The Eleventh Circuit has stated that "[t]he words of the DPPA alone are 'specific enough to establish clearly the law applicable to particular conduct and circumstances and overcome qualified immunity.'" Id. at 1312 (quoting Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002)); see also Santarlas, 2015 WL 3852981, at *4 (declining to address

13

qualified immunity at the motion to dismiss stage because plaintiff had stated a claim under the DPPA); Mallak v. Aitkin Cty., 9 F. Supp. 3d 1046, 1063 (D. Minn. 2014)(concluding that defendants were not entitled to qualified immunity at the motion to dismiss stage where plaintiff has sufficiently alleged a DPPA violation).

Therefore, as Dobruck has stated a claim under the DPPA, "the Court declines to address the applicability of qualified immunity at this time." Santarlas, 2015 WL 3852981, at *4; see also Collier, 477 F.3d at 1312 (reversing and remanding dismissal on the grounds of qualified immunity because "Defendants are not entitled to qualified immunity on the portion of Count I that asserts a violation of the DPPA"). However, as the case proceeds, Fazekas may be able to establish that his access of Dobruck's information was proper and that he is entitled to qualified immunity. See Mallak, 9 F. Supp. 3d at 1063 (denying motion to dismiss but noting that "[i]t may well be that, as this case proceeds, Defendants will be able to establish that they are entitled to qualified immunity").

### D. **Joinder is proper**

Finally, Fazekas argues that joinder of all nine Defendants in this action is improper. As the Court held in

14

its previous Order, all Defendants are properly joined. See (Doc. # 63 at 14). Under Federal Rule of Civil Procedure 20(a), permissive joinder of defendants is appropriate if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). In evaluating joinder, courts ask whether a logical relationship exists between the claims, meaning that "the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010)(citing Republic Health Corp. v. Lifemark Hosp. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)).

Dobruck argues that all the allegedly impermissible accesses of her personal information by the Defendants arise out of her husband's whistleblower lawsuit. According to Dobruck, Fazekas and the other Defendants were motivated to access Dobruck's information by a desire to retaliate for the embarrassment caused by Mr. Dobruck's whistleblowing. (Doc. # 1 at ¶ 19). Thus, the different instances of accessing

Dobruck's personal information by the various Defendants bear a logical relationship to one another. Furthermore, Dobruck's claims share a common question of law, as her claims against each Defendant share the same elements. The Court finds that joinder is appropriate in this case and declines to sever Dobruck's claims.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Edward Fazekas's Motion to Dismiss or for a More Definite Statement (Doc. # 78) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of December, 2016.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE