UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FAITH BAZEMORE DOBRUCK,

    Plaintiff,

v.                                      Case No: 8:16-cv-1869-T-33JSS

GARY S. BORDERS, GRADY JUDD,
CITY OF AUBURNDALE, TOWN OF
LADY LAKE, EDWARD FAZEKAS,
DONALD C. HEATH, JR. , MICHAEL
MUSIC, RITA RANIZE and
CHRISTOPHER DEAN WALL,

    Defendants.
_____/

## ORDER ON DEFENDANT HEATH'S MOTION TO COMPEL DISCOVERY

THIS MATTER is before the Court on Defendant Donald C. Heath, Jr.'s Motion to Compel Discovery ("Motion to Compel"). (Dkt. 80.)

### BACKGROUND

Plaintiff Faith Bazemore Dobruck filed a Complaint against Defendants on June 27, 2016, under the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et seq.* (Dkt. 1.) On December 6, 2016, Defendant Donald C. Heath, Jr. filed his Motion to Compel seeking better responses to Defendant's First Set of Interrogatories and First Request for Production. (Dkt. 80.) Plaintiff's response to the Motion to Compel was due December 20, 2016. When Plaintiff did not file a response by that date, the Court ordered Plaintiff to file a response on or before January 13, 2017 and advised Plaintiff that failure to respond would result in the Court considering the Motion to Compel unopposed. (Dkt. 83.) To date, Plaintiff has failed to file a response to the Motion to Compel.

**APPLICABLE STANDARDS**

A party is entitled to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). A party may move for an order compelling disclosure or discovery. Fed. R. Civ. P. 37. An evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond. Fed. R. Civ. P. 37(a)(4). The court has broad discretion in managing pretrial discovery matters and in deciding to compel. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011); *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

**ANALYSIS**

Upon review of Plaintiff's discovery responses in question, the Court finds Plaintiff's responses plainly insufficient. Specifically, Plaintiff's answers to Defendant's First Set of Interrogatories, Interrogatories Number 2, 7, 8, 10, and 12, as well as Plaintiff's responses to Defendant's First Request for Production, Requests Number 1 through 15, are incomplete. Therefore, Plaintiff's discovery responses must be treated as a failure to respond to Defendant's requests. Fed. R. Civ. P. 37(a)(4). Further, despite the Court's Order directing Plaintiff to respond to the Motion to Compel by January 13, 2017, Plaintiff has failed to file a response. Consequently, the Court presumes Plaintiff has no objection to Defendant's Motion to Compel. *See* M.D. Fla. Local R. 3.01(b). Accordingly, it is

**ORDERED**:

1. Defendant's Motion to Compel Discovery (Dkt. 80) is **GRANTED**.

2. Plaintiff shall serve her amended discovery responses and produce all documents responsive to Defendant's discovery requests in accordance with this Order within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on January 31, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record